JUSTICE WARNER
dissenting.
¶102 I dissent. In deciding Issue Two the Court unfortunately discards the District Court’s careful analysis of whether the previous accident in 1986 is substantially similar to the 1992 accident involved *212 in this case, ignores our abuse of discretion standard for reviewing such evidentiary rulings, and blithefully substitutes its interpretation of the evidence for that of the District Court.
¶103 A district court has broad discretion to determine the admissibility of evidence, and this Court reviews a district court’s evidentiary rulings for an abuse of discretion. Kiely Constr., L.L.C. v. City of Red Lodge, 2002 MT 241, ¶ 92, 312 Mont. 52, ¶ 92, 57 P.3d 836, ¶ 92. To reverse a district court’s evidentiary ruling for abuse of discretion, this Court must determine that the district court either “acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." Kiely, ¶ 92 (quoting Jarvenpaa v. Glacier Elec. Coop., Inc., 1998 MT 306, ¶ 13, 292 Mont. 118, ¶ 13, 970 P.2d 84, ¶ 13).
¶104 In an Order and Memorandum dated February 23, 2000, the District Court examined the similarities, as argued by the Faulconbridges, and differences, as argued by the State, between the accident in the present case and the accident in 1986. The District Court concluded that they were not substantially similar for the following reasons:
(1) car versus motorcycle involves different safety considerations and the dynamics of vehicle control are obviously dissimilar; (2) daylight versus night involves the dissimilar interaction of light on visible objects; (3) no alcohol versus alcohol introduces multiple non-design issues; (4) no dust versus dust presents factors of impaired vision, roadway maintenance, and third-party actions; and (5) no sign versus sign presents issues of warning and human error.
Each one of these reasons is supported by the record. In this case, the District Court most certainly did not act arbitrarily, nor did it exceed the bounds of reason.
¶105 All three of the cases cited by the Court-Kalanick, Tacke, and Kissock-present facts that show a great deal more similarity between the instances discussed therein than the two accidents at issue in the present case. The plaintiff in Kalanick suffered an injury while manually lifting railroad ties, and the district court allowed the introduction into evidence of an injury that occurred six years before. The district court determined that the prior accident was substantially similar, because both involved a laborer who injured his back while lifting rail ties manually. The laborers in both accidents also worked under the same foreman. This Court affirmed the district court’s exercise of discretion in admitting the evidence. Kalanick, 242 Mont. *213 at 52, 788 P.2d at 905-06.
¶106 In Tacke, the plaintiffs sought introduction of multiple accidents involving hay balers, some of which the district court did not allow into evidence. Tacke, 220 Mont. at 5, 713 P.2d at 530. This Court determined that all the accidents involving hay balers with compression rollers should have been admissible, even if the accidents involved different models of hay balers. Tacke, 220 Mont. at 9, 713 P.2d at 532. The conclusion that multiple accidents involving compression rollers could be similar does not logically translate into a conclusion that the substantial dissimilarities in this case, as noted by the District Court, should be simply disregarded.
¶107 In Kissock, the district court found the two slip-and-falls to be dissimilar because the plaintiff failed to show they occurred “even near to the same time of day.” Kissock, ¶ 14. This Corut determined that this minor discrepancy went to the weight of the evidence rather than its admissibility. Kissock, ¶ 19 (citing Bailey v. S. Pac. Transp. Co. (5th Cir. 1980), 613 F.2d 1385, 1389). Apart from this minor discrepancy, the two accidents shared many similarities. Both occurred under winter-like conditions, both occurred days apart, and both occurred on walking areas leading to the Butte Convalescent Center. Kissock, ¶¶ 20-21. In my view, the circumstances presented in Kissock do not begin to justify the Corut’s disregard of the District Corut’s discretionary determination that the facts presented by the 1986 accident are not substantially similar to, and are too remote from, the accident in question here, as required by Kissock. Kissock, ¶ 16.
¶108 The 1986 accident did occur at the same location, and the roadway was basically the same. However, the dissimilarities are obvious, as aptly pointed out by the District Court. The relevance of the 1986 accident to this case is highly questionable. The Court’s statement at ¶ 37, that the circumstances of the two accidents are more similar than they are different, is simply not supported by the record. Moreover, as stated above, that is not the question before us. The question is whether the District Court acted arbitrarily or exceeded the bounds of reason. It did neither.
¶109 Relating to the Court’s discussion of Issue Four, I would not reverse the judgment and remand for a new trial because the former state employee, James, represented the State, was present during the testimony of other witnesses and testified at the trial. I agree with the Court that James was not a valid designated representative of the State under Rule 615(2), M.R.Evid. However, as noted by the Court at ¶ 54, the Faulconbridges learned of James’ status as a former *214 employee at the outset of testimony on a Friday, but did not object until the following Monday. A complaining party must object as soon as the grounds for objection are apparent to preserve an issue for appeal. McDermott v. Carie, LLC, 2005 MT 293, ¶ 14, 329 Mont. 295, ¶ 14, 124 P.3d 168, ¶ 14.1 conclude that Faulconbridges waived their right to appeal on this issue.
¶110 I would further conclude that the District Court was not in error when it denied Faulconbridges’ motion for a new trial because of James’ employment by WGM, Inc., a company that had a business relationship with one of the jurors. The District Court addressed this matter in considering the motion and determined that, based on the juror’s affidavit, he did not know James, his business dealings with James’ employer were limited, and he had no financial connection with James’ employer. Additionally, the record indicates that the juror was asked on voir dire whether he knew any of the witnesses, including James, and indicated that he did not. I agree with the District Court that the Faulconbridges were not prejudiced. See Flowers, ¶¶ 28-29.
¶111 I would affirm the judgment of the District Court.
CHIEF JUSTICE GRAY joins in the foregoing dissenting Opinion.